GONZÁLEZ, PLAINTIFF AND RESPONDENT, *v.* COLLAZO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action to Establish Title of Ownership.

No. 1321.—Decided June 26, 1915.

PLEADING—COMPLAINT.—According to section 132 of the Code of Civil Procedure, every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true.

ID.—EVIDENCE—ERROR—DOUBLE SALE.—Applying the foregoing provision, it was held that the lower court erred in finding as one of the grounds of its judgment that the defendant had not introduced any evidence of the private contract of bargain and sale when the existence of the said contract had been alleged by the plaintiff and admitted by the defendant, but that such error cannot produce a reversal of the judgment because it is supported by application to the case of section 1376 of the Civil Code, which decides the question raised regarding the effect of a double sale.

POSSESSION—EVIDENCE—PASSION, PREJUDICE, OR PARTIALITY—ERROR OF LAW.— When there is a conflict of evidence as to the actual possession of real property and such conflict is decided by the court in favor of the plaintiff by enjoining the defendant personally or by his agents or employees from entering upon the property and disturbing the plaintiff in the quiet and peaceful possession thereof, that conclusion will be sustained on appeal unless it be shown that there was passion, prejudice, or partiality or a manifest error of law.

DOUBLE SALE OF PROPERTY—POSSESSION—RECORD OF TITLE—GOOD FAITH.—According to subsection 3 of section 1376 of the Civil Code, when real property is sold to different vendees and has not been recorded in the registry, it shall belong to the person who first took possession of it in good faith.

POSSESSION—GOOD FAITH—PRESUMPTION.—Good faith is always presumed and a person who alleges bad faith on the part of a possessor must prove it.

JUDGMENT—OPINION OF TRIAL COURT.—Whatever may have been the opinion of the trial court as to the law and the evidence, if the result attained was. correct, the reasons on which it was based may be disregarded, for the judgment from which the appeal was taken is what should be considered.

The facts are stated in the opinion.

*Mr. Juan B. Soto* for the appellant.

*Messrs. Reichard & Reichard* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by defendant José Collazo Bracero from a judgment of the District Court of Aguadilla sustaining a complaint filed against him by José Francisco González Segarra on November 18, 1914.

In the said complaint the plaintiff alleged:

*First.* That plaintiff and defendant are of age, residents of Lares, with legal capacity to sue and be sued.

*Second.* That by a deed executed in Lares on February 24, 1912, the plaintiff purchased from Hipólito Collazo Bracero a rural property of four *cuerdas* of land, more or less, situated in the ward of La Torre of the said municipality, containing

a house and a hut, the boundaries of the property being given, and the vendor delivered possession of the said property to the plaintiff.

*Third.* That the plaintiff established his possessory title to the said property in proceedings instituted before the Municipal Court of Lares and approved by the said court on June 7, 1913, which proceedings were duly recorded in the registry of property.

*Fourth.* That in December, 1911, Hipólito Collazo Bracero executed a private document by which he sold the said property to the defendant, but the purchaser did not take possession of it.

*Fifth.* That the plaintiff always has been in possession of the property and has protested against the acts of ownership which the defendant has attempted to perform thereon, notwithstanding which the defendant, his agents and employees unlawfully entered upon the property and endeavored first to take forcible possession thereof and later surreptitiously gathered the coffee therefrom and destroyed the plants, with great injury to the interests of the plaintiff.

The complaint concludes with the prayer that the court render judgment in favor of the plaintiff and against the defendant decreeing that the plaintiff's title to the ownership and possession of the property is better than that of the defendant; that the defendant's title is null and void as against the plaintiff; that the defendant, his agents and employees be enjoined from entering upon the property and disturbing the plaintiff in the quiet and peaceful possession thereof, and that the defendant be adjudged to pay all the costs, expenses and attorney's fees.

In answering the complaint the defendant admitted the facts alleged in counts one, two and three and also the allegations of the fourth count except that part which avers that the defendant did not take possession of the property. As regards the fifth count, the defendant denied that the plaintiff had ever had possession of the said property or that the

defendant, his agents or any other person under his orders had unlawfully entered upon the property in the form and manner alleged in the complaint.

As new matter in opposition to the complaint the defendant alleged that when the said property was sold to him by the said Hipólito Collazo in December, 1911, as alleged in the fourth count of the complaint, the defendant took possession of the said property described in the complaint and has continued in possession of the property from the said date without any interruption whatever.

After trial and on February 16, 1915, the court rendered judgment "holding that the facts and the law are in favor of the plaintiff and, therefore, it is decreed that the said plaintiff's title, consisting of a possessory title to the property described in the complaint duly recorded in the registry of property of the district, is better than that of the defendant and that the plaintiff has a better and preferential right to the ownership and possession of the said property, the defendant's title being null and void. It is ordered furthermore that the said defendant personally or by his agents or employees be enjoined from entering upon the said property and disturbing the plaintiff in the quiet and peaceful possession thereof and that he pay the costs, expenses and fees of plaintiff's attorney."

The judgment is based on the ground that the defendant is absolutely without title on which to found his answer for the purpose of opposing the plaintiff's action because he did not exhibit with his answer or transcribe therein the private document of bargain and sale nor introduce the same in evidence, and because he did not allege or prove that the plaintiff knew of the sale made by Hipólito Collazo Bracero to the said defendant, whereas the plaintiff exhibited a public deed of sale of the property and a possessory title thereto recorded in the registry in his name, without prejudice to third parties having better or preferential rights, he being therefore the only true owner by virtue of a possessory title to the said

property with a right to its possession, use and enjoyment as against the defendant, who has no title whatever. The court cited sections 447 and 1376 of the Civil Code as the law applicable to the case and also the jurisprudence laid down by this court in various decisions.

From the foregoing judgment the defendant appealed to this court.

The appellant alleges as grounds of appeal:

(*a*) That the court erred in stating as one of the grounds of its judgment that the defendant had not introduced any evidence of the purchase of the property from Hipólito Collazo Bracero when that fact had been alleged by the plaintiff and admitted by the defendant.

(*b*) That the court also erred in applying section 1376 of the Civil Code to the present case, inasmuch as the said section refers to a purchaser who records a title of ownership and not a possessory title and to a vendee who acquires from a vendor having a title of ownership recorded in the registry, circumstances which do not appear in the present case.

It is true that the defendant did not introduce at the trial any private document or proof that he had purchased the property from Hipólito Collazo Bracero in December, 1911, or prior to the date on which the plaintiff purchased it from the said Collazo Bracero; but as that allegation was made by the plaintiff and admitted by the defendant, we do not perceive that he was required to furnish any evidence with regard thereto. As the parties agreed on that fact it was not a matter for decision on trial, for, according to section 132 of the Code of Civil Procedure, every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true. The new matter in opposition to the complaint was not, properly speaking, to the effect that Hipólito Collazo Bracero had sold to the defendant the said property in December, 1911, as alleged by the plaintiff and admitted by the defendant, but that by virtue of the said sale the defendant took possession of the

property and continued in possession thereof notwithstanding the allegation of the plaintiff to the contrary.

Therefore, the court committed the first error assigned, but that error cannot produce a reversal of the judgment for it is supported by a proper application to the case of section 1376 of the Civil Code which decides the legal question raised regarding the effect of a double sale.

·The said section reads as follows:

"If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property.

"Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry. .

"Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith."

From the documentary evidence which the plaintiff introduced at the trial it appears that the property under consideration was sold by Hipólito Collazo Bracero to the plaintiff by a public deed of February 24, 1912, and that the plaintiff recorded in the registry of property his title established by possessory title proceedings approved by the Municipal Court of Lares on June 7, 1913. Regarding the actual possession thereof which the plaintiff and the defendant claim to have had from the respective dates of purchase, witnesses José Francisco González, Hipólito Collazo Bracero, who was the vendor of the property, Ernesto Collazo and Antonio Segarra testified that the plaintiff was in possession and, furthermore, that the defendant had disturbed the plaintiff in his possession of the property by appropriating the products thereof, while witnesses José Irizarri, Cayetano Román, Manuel Pérez, Francisco La Torre and José Collazo Bracero testified that the defendant held possession.

There was a veritable conflict of evidence as to the actual possession of the property and that conflict was decided by the

court in favor of the plaintiff when it enjoined the defendant personally or by his agents or employees from entering upon the property and disturbing the plaintiff in the quiet and peaceful possession thereof.

We have said repeatedly that when the testimony of witnesses is contradictory it is the province of the jury or, in the absence thereof, of the trial judge, to harmonize the same if possible or, if not, to decide and reach such a conclusion as may be deemed proper; subject, of course, to the exercise of discretion and the application of the rules of evidence in accordance with section 62 of the code governing the matter. We shall not disturb said conclusion unless it be shown that the lower court was influenced by passion, prejudice or partiality, or committed a manifest error of law, which has not been shown in the present case.

Therefore, we must accept as a proven fact that the plaintiff and not the defendant was in possession of the property and, consequently, whether subdivision 2 of section 1376 is applicable to the case or not because there was no record of ownership but only a record of a possessory title in the name of the plaintiff and neither one nor the other in the name of the common predecessor in interest, we are forced to hold that, according to subdivision 3 of the said section, the ownership of the property is in the plaintiff because he was first in possession, which must be considered to be in good faith inasmuch as nothing to the contrary has been alleged by the defendant; and, according to section 437 of the Civil Code, good faith is always presumed and a person who alleges bad faith on the part of the possessor must prove the same. The fact admitted by both parties that the defendant purchased prior to the plaintiff does not imply an admission on the part of the latter that in making the purchase he did so with knowledge of the former purchase made by the defendant.

"Whatever may have been the views of the trial court as to the law and the evidence, to which objection is made by the appellant

in the assignment of errors, if the result attained was correct, we can*not* (*sic*) disregard the reasons on which it was based. It is the judgment from which the appeal was taken that we have to consider and, if erroneous, to correct, and we are not greatly concerned with the disquisitions made by the trial judge on the law and the facts, as falling under his consideration." *Pellicier* v. *Fernández*, 19 P. R. R., 111.

As jurisprudence applicable to the case of double sale, we will cite that laid down by this court in the following cases: *Manrique de Lara et al.* v. *Morales*, 9 P. R. R., 110; *Pesante* v. *Estate of Manrique de Lara*, 9 P. R. R., 130; *Ramos* v. *Orcasitas*, 14 P. R. R., 65; *Abella* v. *Antuñano et al.*, 14 P. R. R., 485; *Morales et al.* v. *Landrau et al.*, 15 P. R. R., 761; and *Amadeo* v. *Estate of Castro et al.*, 16 P. R. R., 349.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.